**Malcom M. YOUNG, Plaintiff,**

v.

**Harry OWENS, Roy Jones, Huel McRae, Leonard Carpenter, R. G. Carr, Arnold Allen, James A. Stanley.**

Civ. No. 2041.

United States District Court
W. D. North Carolina,
Asheville Division.

Aug. 23, 1962.

J. Grover Lee, Jr., Charlotte, N. C., for plaintiff.

Leonard W. Lloyd, R. B. Morphew, Robbinsville, N. C., for defendants.

WARLICK, Chief Judge.

The hearing in this case has to do with a motion filed by defendants on February 19, 1962, to dismiss the action on the ground that the plaintiff is not a citizen of the State of Virginia, but on the contrary is a citizen and resident of the State of North Carolina. It was heard at the regular July-August 1962 term in the Asheville Division.

The action is one in which plaintiff, Malcom M. Young seeks to recover from the defendants the alleged sum of $500,-000 for that the defendants and each of them published a false, malicious and defamatory letter, dated January 30, 1961, of and concerning the plaintiff and his connection with The Mountain View School in Graham County, North Carolina; it being alleged in the complaint that each of the defendants was either a member of The Mountain View School Committee or the Principal thereof, and that one of the defendants, Arnold Allen, is a member of the Board of Education of Graham County, and the defendant James A. Stanley is County Superintendent of Schools for said county, and that each was present and participated in writing and publishing said letter.

On July 31, 1961, the plaintiff filed in the Superior Court of Catawba County in the State of North Carolina, his action for slander against James A. Stanley, County Superintendent of Public Instruction of Graham County, and one of the defendants in the action in this court, in which he sought a recovery for $100,-000 as actual or compensatory damages and the additional sum of $25,000 as punitive damages, setting out therein that the defendant James A. Stanley caused his dismissal as a teacher in the Graham County Public Schools and made false and defamatory remarks of and concerning the plaintiff. In this action filed in the Superior Court of Catawba County the plaintiff alleges "that the plaintiff is a citizen and resident of Catawba County, North Carolina." However it appears that the verification to the action was before a Notary Public of Rockingham County in the State of Virginia.

In furtherance of their motion the defendants filed two affidavits one being to the effect that the plaintiff is a resident of Catawba County in the State of North Carolina, in which his previous action filed on the 31st day of July 1961 indicated, as is shown by his verified complaint; and that the plaintiff while teaching school in Graham County, North Carolina became a regular voter in said county and as such cast his ballot in the general election of 1960, and in so doing met the requirements of the North Carolina law.

From these evidences the defendants insist that there is not a diversity of citizenship and that both the plaintiff and the defendants are citizens of North Carolina.

■ Plaintiff, on July 9, 1962, submits his affidavit which among other things sets out that he and his wife, after he had lost his position as teacher in the public schools of Graham County, and had otherwise not set up an office for the practice of the law in North Carolina, decided to go to the State of Virginia where he had been offered employment and thereupon rented an apartment in the City of New Market, County of Shenandoah, in the summer of 1961, and went to work in said city. His affidavit further discloses that he subsequently rented a house in which he and his wife lived and signed a written rental lease for said house for one year. That additionally and in line with his work he secured a Virginia driver's license, purchased a Virginia state automobile tag, and that both he and his wife worked in the City of New Market during the years of 1961 and 1962, and that such situation existed at the time his action was filed herein. Plaintiff further states in his affidavit that he is now in Florida undertaking to recuperate from an attack of pnuemonia which he suffered following a snow storm in Virginia; that such convalescence in Florida is due to the advice given by his physician in Virginia; and that at the time of the filing of the affidavit he has been feeling much better and has accordingly advised his employer in Virginia that he is returning there to follow the line of work in which he was engaged when he went to Florida; that he has abandoned his citizenship and residence in the State of North Carolina and that it is his present intention to definitely and permanently retain his citi-

zenship established in the State of Virginia.

■ Following the arguments and in reviewing the decisions I have concluded that there is a diversity and that the plaintiff is entitled to maintain the action as filed in this court.

"The legal principles which control in determining citizenship within the meaning of the diversity statute, Title 28 U.S.C.A. § 1332, are firmly established and generally recognized. As announced by the trial court, Ellis v. Southeast Construction Co., supra, [D.C., 158 F.Supp.] at page 801, 'For purposes of federal jurisdiction "domicile" and "citizenship" are synonymous terms (citing authorities), (and) (a) person can have only one domicile at a time, and a domicile once obtained persists until a new one is acquired' (citing cases). Generally speaking, in order '(to) acquire a domicil of choice, the law *requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it his present home.* When these two facts concur, the change in domicil is instantaneous. Intention to live permanently at the claimed domicil is not required. If a person capable of making his choice honestly regards a place as his present home, the motive prompting him is immaterial. Restatement of Conflict of Laws, §§ 15, 22.' (Emphasis supplied.) Spurgeon v. Mission State Bank, 8 Cir., 151 F.2d 702, 705–706, certiorari denied 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009." Ellis v. Southeast Construction Co., 8 Cir., 260 F.2d 280.

Accepting as true the affidavit filed by the plaintiff with respect to his intention, I conclude that he has established a citizenship in the State of Virginia and that accordingly there is a diversity of citizenship. Title 28 1332, U.S.C.

The motion to dismiss is therefore denied.